IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS M. HAYLEY, AMY E. HAYLEY, and HAYLEY FAMILY PARTNERSHIPS, LTD., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO. 3:12-CV-437-WKW [WO] |
| REGIONS BANK, | ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiffs' Motion to Remand. (Doc. # 6.) The parties fully briefed the motion (Docs. # 6, 8 and 13), and the matter is ready for adjudication. Based upon the arguments of counsel and the relevant law, Plaintiffs' motion to remand is due to be denied.

**I. BACKGROUND**

In November 2005, Plaintiff Thomas Hayley ("Mr. Hayley") executed a line of credit with Defendant secured by a mortgage on Plaintiffs' lake home. (Doc. #1, Ex. 1 ¶ 4.) When it was approaching maturity, Mr. Hayley sought to renew the line of credit but was apparently unable to do so. (Doc. # 1, Ex. 1 ¶ 10.) By March 2011, the loan appeared on Mr. Hayley's credit report as past due. (Doc. # 1, Ex. 1 ¶ 7.) Plaintiffs brought suit in the Circuit Court of Tallapoosa County, Alabama, alleging

Defendant acted unlawfully in not disclosing to Plaintiffs that it would not renew the loan and in reporting the loan to credit agencies.  (Doc. # 1, Ex. 1.)

Plaintiffs raise state law causes of action for negligent or fraudulent misrepresentation, suppression, defamation, and interference with business and contractual relations.  They also bring one federal claim, alleging that Defendant's conduct violated several provisions of the Fair Debt Collection Practices Act ("FDCPA"), entitling Plaintiffs to damages and attorney's fees.  (Doc. # 1, Ex. 1. ¶¶ 27–29 (citing 15 U.S.C. §§ 1692d–1692g).)  Defendant removed the action on the grounds that Plaintiffs' FDCPA claim arises under federal law and supplemental jurisdiction exists over the state law claims.

## II.  STANDARD OF REVIEW

Federal courts owe a "strict duty" to exercise the limited jurisdiction Congress confers on them.  *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 357, 377 (1994) (remarking that federal courts "possess only that power authorized by Constitution and statute").  The law favors remand where federal jurisdiction is not absolutely clear, and courts must construe removal statutes narrowly.  *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1329 (11th Cir. 2006).

District courts enjoy original, so-called federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Where federal law creates the cause of action, the matter "arises under" federal law. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983); *Jairath v. Dyer*, 154 F.3d 1280, 1282 (11th Cir. 1998). Supplemental jurisdiction exists for claims "so related" to the claims over which the court has original jurisdiction "that they form part of the same case or controversy." 28 U.S.C. § 1367(a).

### III.  DISCUSSION

Plaintiffs argue to no avail that the court lacks federal question jurisdiction over their FDCPA claim. The FDCPA provides for a private right of action under federal law. 15 U.S.C. § 1692k. Federal law, therefore, creates one of the causes of action, obligating the court to exercise its jurisdiction. *See Quackenbush*, 517 U.S. at 716.

Plaintiffs argue that they only "mention" a federal statute and that even their FDCPA claim arises under state law. (Doc. # 13 ¶ 13.) Their complaint, however, directly contradicts this argument, as Plaintiffs specifically allege that Defendant's conduct violated provisions of the FDCPA, entitling Plaintiffs to damages and attorney's fees. Likewise, Plaintiffs' reliance on *Jairath v. Dyer* is misplaced. In

3

*Jairath*, remand was appropriate because – though the plaintiff's state law claim incorporated violation of a duty imposed by federal law as an element – "there was no private cause of action with respect to the federal duty."  154 F.3d at 1283.  Plaintiffs, by contrast, bring suit under a federal law creating a private cause of action.  *See* 15 U.S.C. §§ 1692–1692k.  Violation of the FDCPA is not an element of Plaintiffs' state law claims; it is a claim unto itself.

Though 28 U.S.C. § 1367(c) allows a district court to decline supplemental jurisdiction over state law claims in certain limited circumstances, that provision does not confer the discretion to remand "a case that includes a properly removed federal claim."  *In re City of Mobile*, 75 F.3d 605, 607 (11th Cir. 1996).  Additionally, while 28 U.S.C. § 1441(c) contemplates severance and remand of certain claims upon removal of a larger case, it does so only for claims "not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute."

Plaintiffs' state law claims fall squarely within this court's supplemental jurisdiction, making severance and remand unavailable.  Those claims, like the FDCPA claim, allege Defendant acted unlawfully in its dealings related to Mr. Hayley's line of credit.  Thus, the state law claims "arise out of a common nucleus of operative fact with a substantial federal claim."  *Parker v. Scrap Metal Processors,*

*Inc.*, 468 F.3d 733, 743 (11th Cir. 2006) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)).

## IV.  CONCLUSION

Accordingly, it is ORDERED that Plaintiffs' Motion to Remand (Doc. # 6) is DENIED.

DONE this 4th day of December, 2012.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE
