IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| THOMAS M. HAYLEY, AMY E. HAYLEY, and HAYLEY FAMILY PARTNERSHIPS, LTD., ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | CASE NO. 3:12-CV-437-WKW [WO] |
| REGIONS BANK, ) ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION AND ORDER**

The court denied Plaintiffs' first motion to remand on the basis that federal law created the cause of action for their claim under the Fair Debt Collections Practices Act.[1] (Doc. # 14.) Plaintiffs then moved the court to dismiss their federal claim, leaving only state law claims for negligent or fraudulent misrepresentation, suppression, defamation, and interference with business and contractual relations. (Doc. # 16.) After the court granted Plaintiffs' motion to dismiss, Plaintiffs filed a Renewed Motion to Remand. (Doc. # 17.) Unlike Plaintiffs' first motion to remand, their renewed motion is due to be granted.

---

[1] The court incorporates by reference the background and jurisdictional information contained in its order denying Plaintiffs' first motion to remand.

Though the court has discretion to exercise jurisdiction over Plaintiffs' remaining state law claims, it declines to do so. Interpretation of the parties' lending agreement and the extent to which its terms require arbitration will be a matter of state law. *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. ---, 130 S. Ct. 1758, 1773 (2010) (remarking that "the interpretation of an arbitration agreement is generally a matter of state law"). An Alabama state court is as capable as this one of ruling on a motion to compel arbitration, and given that only state law claims remain, it is better situated to do so.

The law favors remand where federal jurisdiction is not absolutely clear, *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1329 (11th Cir. 2006), and this court must heed the encouragement of the Eleventh Circuit "to dismiss any remaining state law claims when, as here, the federal claims have been dismissed prior to trial." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) (citing *L.A. Draper & Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 428 (11th Cir. 1984)).

Accordingly, it is ORDERED that Plaintiffs' Renewed Motion to Remand (Doc. # 17) is GRANTED. This case is REMANDED to the Circuit Court of Tallapoosa County, Alabama. The Clerk of the Court is DIRECTED to take appropriate steps to effect the remand.

DONE this 5th day of March, 2013.

                                                       /s/ W. Keith Watkins
                                   CHIEF UNITED STATES DISTRICT JUDGE